UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS FRANCISCO BARRON,<br>　　　　　　　　　　Petitioner,<br>v.<br>DANIEL PARAMO,<br>　　　　　　　　　　Respondent. | Case No.:  14CV1968 BEN (DHB)<br>**ORDER:**<br>**(1) ADOPTING REPORT AND RECOMMENDATION;**<br>**(2) DENYING PETITION; and**<br>**(3) DENYING A CERTIFICATE OF APPEALABILITY**<br>[Docket No. 23] |

　　　　Petitioner Luis Francisco Barron, a state prisoner proceeding pro se, commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Docket No. 1).  Petitioner challenges his conviction for first degree murder.  He asserts that his trial counsel was ineffective because he failed to request a voluntary intoxication jury instruction.

　　　　Respondent filed an Answer and Petitioner filed a Traverse.  (Docket Nos. 12, 22.) On October 5, 2015, Magistrate Judge David H. Bartick issued a thoughtful and thorough Report and Recommendation recommending that the Petition be denied.  (Docket No.

1

23.) Objections to the Report and Recommendation were filed.  (Docket No. 24.)  For the reasons that follow, the Objections are overruled, the Report and Recommendation is **ADOPTED**, and the Petition is **DENIED**.

## DISCUSSION

A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter.  Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).  "The district judge must determine de novo any part of the [report and recommendation] that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  Petitioner objects that his trial counsel was ineffective in failing to request a voluntary intoxication instruction.  Petitioner asserts that if his counsel had requested the instruction it would have negated the intent element for first degree murder.

The Report and Recommendation found that the Court of Appeal's decision, the last reasoned decision, was not contrary to clearly established federal law and that the court reasonably determined Petitioner failed to state a cognizable claim for ineffective assistance of trial counsel.  Having conducted a de novo review, this Court agrees.

Under *Strickland v. Washington*, a petitioner must demonstrate that: (1) defense counsel's performance was deficient; and (2) this deficient performance was prejudicial.  466 U.S. 668, 690-92 (1984).  Because of the difficulties inherent in evaluating the performance of counsel after the fact, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Id.* at 689.  On federal habeas review, this Court must take "a 'highly deferential' look at counsel's performance through the 'deferential lens of § 2254(d).'"  *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *id.* at 689 and *Knowles v. Mirzayance*, 556 U.S 111, 121 n.2 (2009).  "The question 'is not whether a federal court believes the state court's determination under the *Strickland* standard 'was incorrect, but whether that determination was unreasonable—a substantially higher threshold."  *Mirzayance*, 556 U.S. at 123.  "Put differently, [the court] ask[s] not 'whether counsel's actions were

reasonable' but 'whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Hibbler v. Benedetti*, 693 F.3d 1140, 1150 (9th Cir. 2012). Petitioner "must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Bell v. Cone*, 535 U.S. 685, 699 (2002).

As explained in more detail in the Report and Recommendation, in evaluating Petitioner's ineffective assistance of counsel claim, the Court of Appeal acknowledged evidence that Petitioner had been drinking earlier in the evening of the shooting. However, the court also explained there was no evidence the consumption, hours earlier, impacted his ability to form the requisite intent at the time of the shooting. The court then went on to describe the significant evidence that Petitioner's earlier drinking did not impact him, including testimony that: he was not slurring his speech, stumbling, or particularly drunk; shortly before the shooting, he decided and explained that he did not escalate an assault on an individual based on the subject's age; he directed the driver of the vehicle from which he shot to slow down right before he shot the victim; he directed the driver to stop after the shooting to allow him to pick up the shotgun shell; and he formulated and immediately put into action a plan to dump the weapon, clean the vehicle, maintain the silence of those aware of the shooting, and flee to Mexico. The court reasonably found there was no deficiency in counsel's decision not to request a voluntary intoxication instruction because there was insufficient evidence to support the instruction.

The court also went on to explain that trial counsel's decision not to pursue a voluntary intoxication defense may have been strategic. Petitioner's intoxication may have been investigated, but did not yield evidentiary support sufficient to undermine the significant evidence weighing against intoxication. Counsel may have also declined to pursue it because it might have detracted from the defense's theory of the case, *i.e.* that he had the intent to shoot into an empty park and hitting someone in a dark park in the middle of the night was a tragic accident. *See Cheney v. Washington*, 614 F.3d 987, 996 (9th Cir. 2010) ("Under *Strickland*, the court must indulge a strong presumption that

counsel acted for tactical reasons rather than through sheer neglect.").

The Court of Appeals decision, applying the *Strickland* standard, was not unreasonable. The court correctly concluded that there was a lack of evidence to support requesting the instruction in addition to tactical reasons counsel might not have pursued that particular strategy. The Petition is **DENIED**.

The Court **DENIES** a certificate of appealability because the issues are not debatable among jurists of reason and there are no questions adequate to deserve encouragement. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

## CONCLUSION

The Report and Recommendation is **ADOPTED** over Petitioner's Objections. The Petition is **DENIED**. A Certificate of Appealability is **DENIED**. The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: January 12, 2016

Hon. Roger T. Benitez
United States District Judge